UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DANIEL SPURGEON, JR., | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00719-KJD-GWF |
| vs. | ) | **ORDER AND REPORT AND RECOMMENDATION** |
| ERIC GOODMAN, | ) | Application to Proceed in Forma Pauperis (#1) and Screening of Complaint (#1-1) |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on April 4, 2012.

### BACKGROUND

Plaintiff alleges a violation of his civil rights by Judge Eric Goodman of the Las Vegas Justice Court. Plaintiff claims that he was denied the opportunity to change his plea prior to his sentencing in the Eighth Judicial District Court. Further, the Plaintiff claims that he had done the required community service as imposed by the court, but Judge Goodman refused to accept the papers given to the court by the Plaintiff. The Plaintiff therefore asserts that Judge Goodman denied him his right to counsel under the Sixth Amendment and his right to due process of law under the Fifth Amendment.

### DISCUSSION

**I.   Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Spurgeon's financial affidavit pursuant

. . .

to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.     Screening the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.    Instant Complaint

Plaintiff alleges claims for violation of his Fifth Amendment right to due process, as well as his Six Amendment right to counsel. Plaintiff's complaint is brought against Judge Goodman in his official capacity. It has been repeatedly held that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Judges are completely immune from judicial actions taken while they are within the jurisdiction of their courts. *Shucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Though judicial immunity extends to situations

where damages are sought, immunity is not always found in circumstances where injunctive relief is requested under a §1983 claim. *Mireles v. Waco*, 502 U.S. 9, 10 n.1 (1991) (per curiam). Judges also retain their judicial immunity when they are accused of acting maliciously or corruptly. *Id.* at 11.

In this case, the Plaintiff is claiming that Judge Goodman deprived him of his Sixth Amendment right to counsel and Fifth Amendment right to due process of law. Because the complaint indicates that Judge Goodman was acting in his official capacity, he is shielded by judicial immunity, and a § 1983 claim for damages may not be brought against him. The Plaintiff has failed to state a claim upon which relief can be granted, and the Court will therefore recommend Plaintiff's Complaint be dismissed with prejudice as it is clear from the face of the Complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d at 1106. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** as it fails to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has

held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of May, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge